

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Dear Sir:

Opinion No. 0-6534
Re: Claim of State employees
for traveling expenses in-
curred outside of a reason-
able line of travel.

Your opinion request of December 18, 1944, reads
as follows:

"A state employee presented to me for pay-
ment, a traveling expense account, for the month
of October. Included in this account was ex-
cess mileage and expenses incurred out of the
reasonable line of travel from the claimants
last post of duty to his headquarters, which is
Austin, Texas. The amount in question was
eliminated from the original account, and a sup-
plement account prepared to be submitted to you
for your advice. The claimant has attached to
the account, a statement as to why he considers
the expenses, about which I am objecting, should
be passed.

"Please advise whether or not the expenses
in question should be paid in whole or part?
. . ."

Neither the expense account accompanying your re-
quest nor the supporting statement of the employee attached
thereto reveal that any State business was attended to in
Dallas by the employee though claim is made for mileage on
a return trip from Los Angeles to Austin via Dallas. Further-
more, the claimant states in his letter of explanation that,

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"This expense account includes only expenses incurred outside of a direct line from Los Angeles to Austin."

Section 2, (12)a, Chapter 400, Acts of the 48th Legislature, one of the general provisions relating to departmental appropriations, provides that, "No traveling expenses shall be claimed, allowed or paid unless incurred while traveling on State business." The same language was used in Section 12, of S. B. 423, Acts 47th Legislature, and our Opinion No. O-4923 had this to say about its construction:

"From the expense account submitted, the trip to Dallas represents a distinct and unexplained departure from any usual or reasonable line of travel by automobile from Amarillo to Austin. In the absence of a statement of facts showing a necessity for such departure from a reasonable line of travel, the presumption obtains that the departure or side excursion was not on State business, but upon a personal mission or for reasons personal to the employee. So far as appears from the expense account, therefore, the expenses disallowed were not incurred while on State business, and the Comptroller was not only authorized but required by law to refuse payment."

Section (12)f of the present Act provides, that, "If the Comptroller is of the opinion that said officer or employee did not take the shortest practical route, he shall have the authority and it shall be his duty to compute the mileage of the shortest practical route, between the point of origin and destination of each trip via intermediate points visited, and he shall issue his warrant in re-imbursement therefor on the basis of the above rate."

We think the Comptroller properly exercised his authority in refusing this account on the ground that the stated expenses were incurred outside of the claimant's "reasonable line of travel" or his "shortest practical route."

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Eugene Alvis*

Eugene Alvis
Assistant

APPROVED JAN 23 1945

ATTORNEY GENERAL OF TEXAS

EA:db

APPROVED
OPINION
COMMITTEE
BY BWB